IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBRAH J. SMITH,

                    Plaintiff,

vs.                                                    Case No. 06-4094-SAC

DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.,

                    Defendants.


MEMORANDUM AND ORDER

        This case comes before the court on defendant's[1] unopposed

motion to dismiss the case.  Defendant contends that plaintiff has failed to

comply with a prior order of this court (Dk.40, Case No. 04-4174-SAC)

which conditioned plaintiff's filing of a second action upon her compliance

with certain requirements.

        The court has reviewed this action and plaintiff's prior case and

finds that this action raises the same claims and makes the same factual

assertions as did plaintiff's prior lawsuit, Case No. 04-4174, which was

_____

        [1]Dolgencorp, Inc. has filed the present motion, contending that it, and
not Dollar General Corp., was plaintiff's employer and is thus the sole
proper party defendant, but adds that to the extent necessary, Dollar
General Corp. joins in the motion.

dismissed without prejudice for failure to prosecute.  In both the present and the former case, plaintiff claims that her former employer terminated her employment in retaliation for her exercising leave rights under the Kansas Workers' Compensation statute, and thereby committed the tort of outrage.   Defendant counters that plaintiff was terminated in response to significant incidences of loss of inventory at the store in which plaintiff was employed as Store Manager.

During the pendency of plaintiff's prior case, both parties agreed the case should be dismissed for lack of prosecution, and the sole issue before the court was whether to dismiss with or without prejudice. On February 21, 2006, this court entered an order dismissing plaintiff's prior case without prejudice and requiring plaintiff to meet five conditions in order to re-file her complaint.   Although the court agreed that a dismissal with prejudice could be warranted, it decided, instead, to dismiss without prejudice and impose conditions upon refiling. The Order states:  "Should plaintiff decide to refile this case and fail to meet any of the conditions ... the court shall, upon defendant's motion, convert this dismissal into a dismissal with prejudice."  The court  retained jurisdiction over the prior case to entertain a motion by defendant for conversion.  The court has now

received such a motion.

The conditions imposed by the court in the prior case upon

refiling a subsequent case, such as this one, are:

> (1)discovery conducted in this case will be used in the refiled case;
> (2) at the time of refiling, plaintiff shall provide defendant with any
> discovery responses and/or documents currently outstanding in this
> case; (3) plaintiff shall promptly comply with all discovery
> requirements in the refiled case;(4) plaintiff will reimburse defendant
> for the court costs of this action; and (5) plaintiff shall timely pay the
> fees defendant incurred in filing the motion to dismiss in this case as
> well as any other fees or expenses defendant shows to be
> duplicative, the amount of such fees and expenses to be determined
> by the court at the time plaintiff refiles her claims.

Dk. 3, Exh. A. (quoting Dk 40, Case No. 04-4174-SAC).

The court finds that the current case is in fact a refiling of the

prior case, that the conditions imposed upon refiling are applicable and

have not been complied with, and that defendant made plaintiff's current

counsel aware of these conditions, to no avail, Dk. 3, Exh. B.  Accordingly,

plaintiff's prior case,  number 04-4174-SAC, is hereby converted from a

dismissal without prejudice upon conditions, to a dismissal with prejudice,

and the judgment shall be amended appropriately.

Defendant further moves the court to dismiss plaintiff's current

case.  Because the prior case is now with prejudice to its refiling, this

sanction is appropriate.

3

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Dk. 3) is granted.

Dated this 11th day of January, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge