IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRAH J. SMITH,

        Plaintiff,

vs.                              Case No. 06-4094-SAC

DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.,

        Defendants.

MEMORANDUM AND ORDER

        In accordance with its memorandum and order filed under seal on April 5, 2007, the court stayed this case for 30 days to, among other matters, enable new counsel for plaintiff to enter an appearance or plaintiff to elect in writing to proceed pro se. The court sent a copy of that order directly to plaintiff. Thirty days have now passed and no new counsel for plaintiff has entered an appearance and plaintiff has not elected in writing to proceed pro se.

        Instead, plaintiff wrote a letter and faxed it to the clerk's office on May 7, 2007, the last day of the 30 day period. That letter states that plaintiff has found new counsel, names a particular attorney, and

represents that this attorney has agreed to take plaintiff's case if she can get additional time. No specific amount of time is requested. No affidavit or entry of appearance by the purported new counsel appears. No certificate of service is made, but the court assumes that if defendant were served with the motion, it would object to the requested extension of time.

The court construes plaintiff's letter as a pro se motion for an extension of time and directs the clerk to file the facsimile of plaintiff's letter dated May 7, 2007, as such. However, the court strictly cautions plaintiff that no facsimile filings will be accepted in this case in the future. *See* D. Kan. Rule 5.1(b). The rule does not permit *pro se* parties or others to file pleadings or motions by facsimile, and requires original signatures on them. The court grants plaintiff some leniency regarding this motion because although no court employee told plaintiff or her ex-counsel that a facsimile filing would be accepted,[1] either plaintiff misunderstood the representation made to her by her ex-counsel or he misrepresented that

---

[1] Plaintiff's ex-counsel called chambers on the last day and was told that because he was no longer counsel in the case and no new counsel had entered an appearance, only plaintiff could file a motion, and that a pro se motion would have to be in paper form. Plaintiff then called chambers and was transferred to the clerk's office where plaintiff represented that her ex-counsel told her that her filing of this motion by facsimile had been approved.

fact to her. It is plaintiff's duty to read and be familiar with the Rules of Practice and Procedure of this court, see D. Kan. R. 83.5.4(d), not the court's duty to deviate from them or to assist a pro se party.

The court will grant an extension of 30 days. In the event plaintiff again chooses to wait until the last day to take any action then attempts to do so in a manner not permitted by the rules, her case shall be dismissed with prejudice for lack of prosecution in accordance with the court's prior orders.

IT IS THEREFORE ORDERED that plaintiff's letter dated May 7, 2007 shall be filed as a motion for extension of time, and that such motion is granted for a period of 30 days.

Dated this 9th day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge